IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

ERMA OLENE CLENDENING )
)
v. ) No. 3:13-0618
) Judge Nixon/Bryant
SOCIAL SECURITY ADMINISTRATION )

To: The Honorable John T. Nixon, Senior Judge

REPORT AND RECOMMENDATION

This is a civil action filed pursuant to 42 U.S.C. § 405(g), to obtain judicial review of the final decision of the Social Security Administration ("SSA" or "the Administration") denying plaintiff's application for disability insurance benefits, as provided under Title II of the Social Security Act. The case is currently pending on plaintiff's motion for judgment on the administrative record (Docket Entry No. 13), to which defendant has responded (Docket Entry No. 15). Plaintiff has further filed a reply in support of her motion. (Docket Entry No. 16) Upon consideration of these papers and the transcript of the administrative record (Docket Entry No. 10),[1] and for the reasons given below, the undersigned recommends that plaintiff's motion for judgment be DENIED and that the decision of the SSA be AFFIRMED.

I. Introduction

Plaintiff filed her application for benefits in August 2009, alleging disability

---

[1]Referenced hereinafter by page number(s) following the abbreviation "Tr."

onset as of January 1, 2002.[2] (Tr. 13) Her application was denied at the initial and reconsideration stages of state agency review. Plaintiff subsequently requested *de novo* review of her case by an Administrative Law Judge (ALJ). The case came to be heard by the ALJ on December 21, 2011, when plaintiff appeared with counsel and gave testimony. (Tr. 22-40) Testimony was also received from an impartial vocational expert. At the conclusion of the hearing, the ALJ took the matter under advisement until January 25, 2012, when he issued a written decision finding plaintiff not disabled. (Tr. 13-18) That decision contains the following enumerated findings:

1. The claimant meets the insured status requirements of the Social Security Act through June 30, 2006, but not thereafter.

2. The claimant has not engaged in substantial gainful activity since January 1, 2002, the alleged onset date (20 CFR 404.1571 *et seq.*).

3. During the relevant time period, the claimant had medically determinable impairments such as chronic obstructive pulmonary disease and degenerative changes of the lumbar spine and right shoulder (20 CFR 404.1521 *et seq.*).

4. The claimant did not have an impairment or combination of impairments that significantly limited her ability to perform basic work-related activities during the relevant period of January 1, 2002, through June 30, 2006; therefore, the claimant did not have a severe impairment or combination of impairments (20 CFR 404.1521 *et seq.*).

5. The claimant was not under a disability, as defined in the Social Security Act, at any time during the relevant time period of January 1, 2002, the alleged onset date, through June 30, 2006, the date her insured status expired (20 CFR 404.1520(c)).

---

[2]Plaintiff's alleged onset date was amended at the hearing before the ALJ, to October 21, 2005. (Tr. 27) However, the ALJ's decision does not recognize this amendment, but analyzes plaintiff's disability claim as alleging onset beginning in 2002.

(Tr. 15-17)

On April 17, 2013, the Appeals Council denied plaintiff's request for review of the ALJ's decision (Tr. 1-3), thereby rendering that decision the final decision of the Administration. This civil action was thereafter timely filed, and the court has jurisdiction. 42 U.S.C. § 405(g). If the ALJ's findings are supported by substantial evidence, based on the record as a whole, then those findings are conclusive. Id.

## II. Review of the Record

The following statement of facts is taken from plaintiff's brief, Docket Entry No. 13 at pp. 3-4:

The Plaintiff was born on October 21, 1955, was 50 years old on her amended disability onset date, and defined (for purposes of vocational analysis) as an individual closely approaching advanced age under the nomenclature of the Social Security Regulations.

The claimant went to the ER on October 30, 2001, after being involved in an MVA. R. 240-241. She was diagnosed with left mandibular condyle fracture; left zygomatic arch fracture; depressed left lateral orbital wall fracture; and anterior wall maxillary sinus fracture. R. 240-241. On November 2, 2001, the claimant underwent Gillies elevation of a left zygomatic arch fracture. R. 237.

The claimant went to the ER on May 8, 2003, due to right flank pain. R. 234. She went to the ER on November 1, 2003, due to palpitations. R. 212. A chest x-ray revealed findings consistent with emphysematous change. R. 213.

On July 15, 2004, the claimant underwent needle localization wire excision of left

lateral mammographic abnormality. R. 208.

She went to the ER on July 10, 2005, due to bronchitis. R. 193. A chest x-ray showed changes of COPD. R. 194.

The claimant went to the ER on September 14, 2005, and September 28, 2005, due to right shoulder pain. R. 179. An MRI from September 28, 2005, revealed degenerative change at the AC joint. R. 174 and 176.

On October 15, 2005, she went to the ER due to headaches. R. 170.

Bone densitometry testing on January 18, 2006, revealed that the lumbar spine is in the osteopenic category and that the left hip is in the osteoporosis category. R. 165.

[The remainder of plaintiff's statement of facts is omitted, as it recounts her medical history after her date last insured for Title II benefits.]

### III. Conclusions of Law

#### A. Standard of Review

This court reviews the final decision of the SSA to determine whether that agency's findings of fact are supported by substantial evidence in the record and whether the correct legal standards were applied. Elam ex rel. Golay v. Comm'r of Soc. Sec., 348 F.3d 124, 125 (6th Cir. 2003). "Substantial evidence is defined as 'more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Rogers v. Comm'r of Soc. Sec., 486 F.3d 234, 241 (6th Cir. 2007)(quoting Cutlip v. Sec'y of Health & Human Servs., 25 F.3d 284, 286 (6th Cir. 1994)). Even if the record contains substantial evidence that could have supported an opposite conclusion, the SSA's decision must stand if substantial evidence supports the

conclusion reached. E.g., Longworth v. Comm'r of Soc. Sec., 402 F.3d 591, 595 (6th Cir. 2005). Accordingly, while this court considers the record as a whole in determining whether the SSA's decision is substantially supported, it may not review the case *de novo*, resolve conflicts in the evidence, or decide questions of credibility. See Bass v. McMahon, 499 F.3d 506, 509 (6th Cir. 2007); Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

B. Proceedings at the Administrative Level

The claimant has the ultimate burden to establish an entitlement to benefits by proving his or her "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The claimant's "physical or mental impairment" must "result[] from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." Id. at § 423(d)(3). In proceedings before the SSA, the claimant's case is considered under a five-step sequential evaluation process, described by the Sixth Circuit Court of Appeals as follows:

> 1) A claimant who is engaging in substantial gainful activity will not be found to be disabled regardless of medical findings.
>
> 2) A claimant who does not have a severe impairment will not be found to be disabled.
>
> 3) A finding of disability will be made without consideration of vocational factors, if a claimant is not working and is suffering from a severe impairment which meets the duration requirement and which meets or equals a listed impairment in Appendix 1 to Subpart P of the Regulations. Claimants with lesser impairments proceed to step four.
>
> 4) A claimant who can perform work that he has done in the past will not be found to be disabled.
>
> 5) If a claimant cannot perform his past work, other factors including age,

education, past work experience and residual functional capacity must be considered to determine if other work can be performed.

Cruse v. Comm'r of Soc. Sec., 502 F.3d 532, 539 (6th Cir. 2007)(citing, e.g., Combs v. Comm'r of Soc. Sec., 459 F.3d 640, 642-43 (6th Cir. 2006)(en banc)); 20 C.F.R. §§ 404.1520(b)-(f), 416.920 (b)-(f).

The SSA's burden at the fifth step of the evaluation process can be carried by relying on the medical-vocational guidelines, otherwise known as "the grids," but only if the claimant is not significantly limited by a nonexertional impairment, and then only when the claimant's characteristics identically match the characteristics of the applicable grid rule. See Wright v. Massanari, 321 F.3d 611, 615-16 (6th Cir. 2003). Otherwise, the grids cannot be used to direct a conclusion, but only as a guide to the disability determination. Id.; see also Moon v. Sullivan, 923 F.2d 1175, 1181 (6th Cir. 1990). In such cases where the grids do not direct a conclusion as to the claimant's disability, the SSA must rebut the claimant's *prima facie* case by coming forward with proof of the claimant's individual vocational qualifications to perform specific jobs, which is typically obtained through vocational expert ("VE") testimony. See Wright, 321 F.3d at 616 (quoting Soc. Sec. Rul. 83-12, 1983 WL 31253, *4 (S.S.A.)); see also Varley v. Sec'y of Health & Human Servs., 820 F.2d 777, 779 (6th Cir. 1987).

In determining residual functional capacity ("RFC") for purposes of the analysis required at steps four and five above, the SSA is required to consider the combined effect of all the claimant's impairments, mental and physical, exertional and nonexertional, severe and nonsevere. See 42 U.S.C. §§ 423(d)(2)(B), (5)(B); Foster v. Bowen, 853 F.2d 483, 490 (6th Cir. 1988).

C. Plaintiff's Statement of Errors

Plaintiff makes two arguments in support of her motion for judgment: (1) that the ALJ erred in failing to properly consider all of her diagnosed impairments at the second step of the sequential evaluation process, and in failing to explain why he found certain impairments to be nonsevere; and (2) that he erred in failing to properly evaluate her credibility. Neither argument has merit.

First, with regard to the step two severity determination, plaintiff argues that she was diagnosed with several impairments prior to her date last insured, as to which the ALJ should have made a finding of severity or stated why he found them to be nonsevere. These diagnoses include bronchitis, COPD, emphysematous changes, right shoulder degenerative changes, lumbar spine osteopenia, and left hip osteoporosis. (Docket Entry No. 13 at 6) However, the ALJ did in fact give a lengthy discussion of his reasons for finding nonsevere plaintiff's "chronic obstructive pulmonary disease and degenerative changes of the lumbar spine and right shoulder." (Tr. 16) In addition to the objective medical evidence which revealed only mild emphysema and mild degenerative changes in plaintiff's spine and shoulder,[3] the ALJ cited her history of infrequent complaints to her physicians; her lack of regular treatment with prescription medications; her failure to stop smoking despite being consistently advised to do so by the physicians treating her COPD/emphysema symptoms;[4]

---

[3]In her reply brief, plaintiff argues that "mild" findings on diagnostic imaging do not necessarily correlate with mild symptoms. True enough. However, the ALJ also noted, e.g., plaintiff's infrequent complaints to her physicians and irregular treatment with prescription medication, factors which combine with the mild findings to support the conclusion that the medical record as a whole does not establish any severe impairment during the period under review.

[4]Plaintiff contends that the ALJ placed undue emphasis on the fact that she continued to smoke cigarettes against medical advice, and improperly relied upon this fact to support the finding that her COPD/emphysema was nonsevere, without seeking an expert opinion to confirm that her

7

her ability to care for her daughter and disabled husband; and, the uncontroverted opinions of the nonexamining state agency physicians, who agreed that plaintiff has no severe impairment. (Tr. 16-17) Plaintiff does not cite any evidence to suggest that, during the period under review, work-related limitations would be expected to result from her bronchitis, or from the osteopenia and osteoporosis observed in her spine and hip during bone density testing secondary to her diagnosis with menopause. (Tr. 165-67) The undersigned concludes that the record supports the ALJ's finding of no severe impairment.

      As to plaintiff's argument that her credibility was not properly weighed, the undersigned cannot agree. At her 2011 hearing, plaintiff testified to extreme physical limitations including an inability to stand, walk, sit, or even lie down for any significant time due to back pain, heart palpitations, chest pain, and breathing problems. (Tr. 17)[5] However, during the period prior to her date last insured, in June 2006, and even as late as 2009, the medical evidence simply did not establish any condition or treatment history that could be viewed as consistent with such limitations. Id. Accordingly, the ALJ rightly determined that plaintiff's subjective complaints of pain and limitation could not be relied upon to establish the medical severity of her impairments.

      Substantial evidence on the record as a whole supports the ALJ's decision in

---

breathing problems would improve if she quit smoking. However, not only did the ALJ properly note this failure to follow medical advice in analyzing whether plaintiff's breathing problems were as severe as alleged, e.g., Blaim v. Comm'r of Soc. Sec., 595 Fed. Appx. 496 (6th Cir. Dec. 11, 2014), he also made note of evidence that her emphysema continued to be described as "mild" years after the expiration of her insured period, despite her continued smoking. (Tr. 16-17) (citing Tr. 307 and Tr. 295)

[5]While her attorney asked about her "conditions [from] October of 2005 to the present day" (Tr. 29), plaintiff's testimony plainly described her current condition.

8

this matter. That decision should therefore be affirmed.

### IV. Recommendation

In light of the foregoing, the Magistrate Judge recommends that plaintiff's motion for judgment on the administrative record be DENIED and that the decision of the SSA be AFFIRMED.

Any party has fourteen (14) days from receipt of this Report and Recommendation in which to file any written objections to it with the District Court. Any party opposing said objections shall have fourteen (14) days from receipt of any objections filed in which to file any responses to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. Thomas v. Arn, 474 U.S. 140 (1985); Cowherd v. Million, 380 F.3d 909, 912 (6th Cir. 2004)(en banc).

**ENTERED** this 7th day of January, 2016.

                                         s/ John S. Bryant
                                         JOHN S. BRYANT
                                         UNITED STATES MAGISTRATE JUDGE